**Crissy STEPHENS, for benefit of R.A., a Minor Child, Plaintiff–Appellant**

v.

**Constable Woody WALLACE, Defendant–Appellee.**

No. 14–40044

Summary Calendar.

No. 14–40044.

United States Court of Appeals, Fifth Circuit.

July 15, 2014.

George D. Gordon, Sr., Attorney, Baggett, Gordon & Deison, Conroe, TX, for Plaintiff–Appellant.

Robert Scott Davis, Esq., Chad Carlton Rook, Esq., Flowers Davis, P.L.L.C., Tyler, TX, for Defendant–Appellee.

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM: *

Plaintiff Crissy Stephens, on behalf of her minor child, R.A., appeals the district court's grant of Constable Woody Wallace's motion for summary judgment on her defamation claim. For the following reasons, we AFFIRM the judgment of the district court.

**FACTS AND PROCEEDINGS**

On August 26, 2011, Constable Woody Wallace attended a football game at Trinity High School. Constable Wallace was a peace officer for Precinct One in Trinity County, Texas, an area that did not encompass the high school. Nonetheless, he typically attended the games to provide a law enforcement presence, and he wore his badge and gun to the game.

While at the game, Constable Wallace was informed by Coach Stout, whom he had known for several years, that a student had told the coach that another minor had attempted to sell him drugs. Two other students approached the constable, one whom he knew personally, and informed him that they had seen a minor purchase pills from another minor. While they spoke, R.A. (an 11–year old at the time) walked by to leave with his grandfather, and one of the minors pointed him out as the purchaser.

Wallace approached R.A. and his grandfather and called out, "Sir," to them. R.A. stopped while Wallace approached. Wallace asked R.A. for the pill he had just purchased, and R.A. denied purchasing or possessing a pill. Wallace asked R.A. to show him his pockets and take off his shoes, which R.A. did, but no pill was found there. Wallace asked R.A. to open his mouth and raise his tongue. He did so, and again, no pill was found. Wallace shined his flashlight into R.A.'s pupils to check their dilation, an indicator of drug usage. Wallace told R.A.'s grandfather he should seek medical attention because he believed R.A. had ingested the pill. The encounter between R.A. and the Constable lasted 2–3 minutes. R.A. and his grandfather left the game.

Constable Wallace then approached the juvenile who had been accused of selling the pills. The school district superinten-

---

dent, David Plymale, was in attendance at the game. Superintendent Plymale asked Constable Wallace what had happened, and Wallace informed him about the interaction with R.A. That night, the juvenile accused of selling drugs was taken into custody and submitted a written confession that he had been selling pills at the football game and that he had been caught selling ibuprofen to R.A. The school district subsequently launched its own investigation into the occurrence and decided to suspend R.A.

Crissy Stephens, on behalf of R.A. as a minor child, sued Constable Wallace under 42 U.S.C. § 1983, claiming violations of established rights under the Fourth and Fourteenth Amendments for the stop and search for the drugs, and defamation for reporting the incident to the school superintendent. Constable Wallace moved for summary judgment, arguing that he was entitled to qualified and official immunity, and presented affidavits from himself and a peace officer expert who opined that Wallace's actions were "objectively reasonably and conducted in good faith." The district court granted Wallace's motion. Stephens now appeals the district court's order on the issue of defamation.

## STANDARD OF REVIEW

Summary judgment is proper only if the movant establishes that there is no genuine dispute as to any material fact, thus entitling the moving party to judgment as a matter of law. Fed.R.Civ.P. 56(a). "We view facts in the light most favorable to the non-movant and draw all reasonable inferences in its favor." *Jackson v. Widnall*, 99 F.3d 710, 713 (5th Cir.1996). But "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)).

## DISCUSSION

"To prove a cause of action for defamation, a plaintiff must prove that (1) the defendant published a statement of fact[;] (2) the statement was defamatory; (3) the statement was false[;] (4) the defendant acted negligently in publishing the false and defamatory statement; and (5) the plaintiff suffered damages as a result." *Brown v. Swett & Crawford of Tex., Inc.*, 178 S.W.3d 373, 382 (Tex.Ct.App.2005). However, "[i]n Texas, a governmental employee is entitled to official immunity: (1) for the performance of discretionary duties; (2) within the scope of the employee's authority; (3) provided the employee acts in good faith." *McIntosh v. Partridge*, 540 F.3d 315, 326 (5th Cir.2008) (internal alterations and quotation marks omitted).

Assuming, *arguendo*, that the plaintiff raised a genuine issue of material fact that the statement Constable Wallace made to Superintendent Plymale was published, false, defamatory, and resulted in damages, she presents no evidence that the statement was negligently made. Even assuming true all facts and construing all inferences therefrom in favor of Stephens as we must, Wallace's actions in recounting to Plymale the information he received from three witnesses and his response to the possible crime were not negligent. It was incumbent upon him as a peace officer, sworn to uphold the law and advance public safety, to inform the superintendent, the individual charged with ensuring student safety and discipline.

Furthermore, Wallace is entitled to official immunity if he acted (1) in the per-

formance of discretionary duties; (2) within in the scope of his authority; (3) provided that he acted with good faith. *Id.* That Wallace's statement to Plymale occurred outside of his own precinct does not undermine his authority to "carry out the duties of a peace officer throughout the [c]ounty." *Rhode v. Denson,* 776 F.2d 107, 109 (5th Cir.1985).

Likewise, no evidence has been presented to rebut the personal and expert affidavits presented by Constable Wallace that he acted in good faith. "[A]n officer acts in bad faith only if he could not have reasonably reached the decision in question." *University of Houston v. Clark,* 38 S.W.3d 578, 581 (Tex.2000). Plaintiff's argument that Wallace "knew RA did not have any drugs on him" because no drugs were ultimately found on RA and he did not subsequently charge RA with a crime is a logical fallacy of the first order. From the viewpoint of the officer at the time of the stop, search, and reporting of the possible crime to the superintendent, no evidence has been presented that the constable's actions were not undertaken in good faith, while Wallace presented the uncontroverted evidence of an experienced peace officer that his actions "were objectively reasonable and conducted in good faith."

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be